IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAD HAMMOND, ) | |
|   ) | |
| Plaintiff, ) | |
|   ) | |
| v. ) | Case No. 3:13-cv-418-NJR-DGW |
|   ) | |
| C/O JAMES, MAJOR BRADLEY, C/O ) | |
| LIND, DR. REEVES, DR. WALLACE, S.A. ) | |
| GODINEZ, and COUNSELOR HARTMAN, ) | |
|   ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Compel Production of Discovery Documents filed by Plaintiff, Shad Hammond, on October 31, 2014 (Doc. 89), the Motion Requesting Timeline of Case History filed by Plaintiff on October 31, 2014 (Doc. 90), the Second Motion to Compel filed by Plaintiff on November 21, 2014 (Doc. 92), and the Motion for Extension of Time filed by Defendants on December 11, 2014 (Doc. 94). The Motions to Compel are **DENIED IN PART**, the Motion Requesting Timeline is **GRANTED IN PART**, and the Motion for Extension of Time is **GRANTED**.

In this suit, Plaintiff contends that Defendants failed to protect him from violent inmates while Plaintiff was incarcerated at the Pinckneyville Correctional Center beginning in March, 2011 and continuing through June, 2012. When Plaintiff was transferred to the Menard Correctional Center, he states that he was unjustifiably labeled as a white supremacist in retaliation for his complaints.

**Motions to Compel (Docs. 89 and 92)**

Through a request for production of documents, Plaintiff requested: "(1) All documents/reports/interviews recorded by internal affairs offices from 2010 to present pertaining to plaintiff, and (2) produce any cases of law or procedure rules/regulations defense raises in support or contention of claims" (Doc. 89, p.1). In response, Defendants offered generic objections but also provided certain documents including a disciplinary report, investigational interviews of Plaintiff and one of his attackers, and "profiles" of Plaintiff and one of his attackers. Defendants also indicate that there may be additional documents related to Plaintiff's "keep separate from" list from 2010 and his designation within a security threat group that they will produce if they exist. As to the second request, Defendants note that they are not required to provide Plaintiff with case law but that they did indicate their affirmative defenses and that they referred Plaintiff to portions of the Illinois Administrative Code. Plaintiff states in his motion that he has been told (presumably by jail personnel) that he cannot have access to the Illinois Administrative Code; Defendants state that they will provide Plaintiff with a copy of relevant sections.

From the parties' filings, it appears that Defendants have provided responses to Plaintiff's request for records related to his alleged request to internal affairs to keep him separate from violent inmates and his alleged conversations and requests for investigations. Defendants also have provided portions of the administrative code that appears to be relevant to Plaintiff's claims. Defendants are obligated to provide Plaintiff with documents in their possession that would be relevant to a claim or defense in response to discovery requests. Plaintiff appears particularly interested in any "Keep Separate from" documents that he signed or that were generated on his behalf from 2010 to the date of his transfer to Menard CC – documents that are relevant to his

claims. Defendants note that they are searching any such documents and will provide them if they exist. Defendants shall file a notice on January 19, 2014 indicating any further documents they may have that they have provided to Plaintiff that are responsive to his discovery requests.

However, Defendants are not required to provide Plaintiff with case authority or statements of the law that they may or may not use in pleadings before the Court. Such items would be discovered as part of legal research related to this case and would be considered attorney work product. Defendants are not required to do Plaintiff's legal research for him. In the spirit of cooperation, Defendants did provide Plaintiff with portions of Illinois' Administrative Code because Plaintiff indicated that he does not have access. The portion provided relates to internal investigations and is located in Title 20, chapter 1, subchapter a, Part 112. Plaintiff indicates that there may be other portions of the code that are relevant to his claims and he requests an in camera inspection or order for the Court to determine what is relevant. An in camera inspection of statements of the law or policy is not necessary. In light of Plaintiff's representations, Defendants **SHALL** nonetheless provide Plaintiff, by January 19, 2014, the table of contents of part 112 of Title 20, chapter 1, subchapter a of the Administrative Code.

To the extent that Plaintiff requests further discovery after Defendants file a Motion for Summary Judgment, he *must* comply with Federal Rule of Civil Procedure 56(d) and provide the necessary affidavit.

**Motion Requesting Timeline (Doc. 90)**

As a one time courtesy, Plaintiff may have a copy of the docket sheet in this matter without paying the copying fee. Any additional request for a copy of the docket sheet must be accompanied by payment of $0.50 per page. The Clerk of Court is **DIRECTED** to send to Plaintiff a copy of the docket sheet along with this Order.

3

**Motion for Extension of Time (Doc. 94)**

Defendants seek and extension of time, to December 23, 2014, to file their Motion for Summary Judgment. The Motion is **GRANTED**. Defendants to file their Motion for Summary Judgment by December 23, 2014.

**IT IS SO ORDERED.**

**DATED: December 18, 2014**

**DONALD G. WILKERSON
United States Magistrate Judge**